# COOMBS *v*. WILSON.*

(Division B. April 19, 1926.)

[107 So. 874. No. 25597.]

1. CHATTEL MORTGAGES. *In absence of fraud, mortgage signed without reading is valid security for all recited debts, though mortgagor intended it only for note then given.*

    Though mortgagor intended to secure only his note then given, yet without fraud of mortgagee, he having signed it without reading it, it was, as it recited without ambiguity, security also for any other indebtedness of him to mortgagee.

2. CHATTEL MORTGAGES. *Rights of parties held unaffected by surrender of mortgage after payment of one of debts secured; subsequent purchaser of property not knowing of surrender, and records remaining uncanceled.*

    That mortgage, standing uncanceled on the records, was surrendered to mortgagor when his note, one only of debts secured, was paid, does not affect the rights of the parties; it not appearing that subsequent purchaser of mortgaged property knew of the surrender, which was doubtless an oversight, purely voluntary and without consideration.

3. STIPULATIONS. *Stipulation of facts held not to prevent introduction of mortgage, foundation of case.*

    Mortgage, which was the foundation of the case, pertinent and necessary to develop the case on trial, was properly admitted in evidence, notwithstanding an agreement of facts in evidence; there being nothing therein by which it was stipulated that no record evidence or writing having a bearing on the case should be introduced.

---

*Corpus Juris-Cyc. References: Chattel Mortgages, 11CJ, p. 490, n. 71; p. 690, n. 82; Stipulations, 36 Cyc, p. 1292, n. 67.

APPEAL from circuit court of Pontotoc county.

HON. C. P. LONG, Judge.

Action by R. P. Wilson, trustee, against W. T. Coombs. Judgment for plaintiff, and defendant appeals. Affirmed.

*Bratton & Mitchell,* for appellant.

Since the cause was submitted to the court on an a-greed statement of facts, it was error for the court to permit the introduction of the record of the deed of trust: Without the introduction of this record, no valid and sufficient description of the property was shown, and for this reason, upon the agreed statement of facts, the judgment of the court should have been in favor of the appellant. It needs no argument on the proposition that when parties submit a cause on an agreed statement of facts, it is not permissible for either party to resort to other evidence in support of his side of the cause.

The record conclusively shows that it was not the intention of either the mortgagor or the mortgagee, at the time of the execution of the mortgage, that any debt should be secured thereby except the note which was specifically described therein and which the mortgagor afterwards fully paid. It is fundamental and axiomatic that a mortgage is security only for such demands or indebtedness as are in the contemplation of the parties at the time. 11 C. J., p. 494, sec. 157; *O'Brien* v. *Wilson,* 86 Miss. 540, at 551-52; R. C. L. p. 301, sec. 76. The a-greed statement of facts specifically recites that it was never the purpose or intention of the mortgagor, Bowen, that any debt other than the note specifically described therein, should be secured by the mortgage.

Why did the bank surrender this mortgage to the mortgagor, Bowen? There can be only one answer. At the time of the payment of this note and the surrender of the mortgage, there is no doubt that the bank considered the mortgage of no further effect. It was, in legal contemplation, a release and cancellation of the mortgage, regardless of whether the record thereof showed a release. The release of record would be only additional evidence of such fact.

Proof, *aliunde,* may be received to identify the indebtedness or to show what is, in fact, secured by the mortgage. *Skinner* v. *Elliott,* 17 Ga. 511, 87 S. E. 759. Pos-

session. of the mortgage by the mortgagor made a *prima-facie* case that the mortgage had been satisfied, although no entry of satisfaction had been made of record. *Wilkinson* v. *Solomn*, 83 Ala. 438, 3 So. 705; 11 C. J., p. 694, sec. 483. And this is made more certain by the fact that the mortgagor had also paid the note specifically mentioned, and had it also in his possession.

Purchaser from mortgagor may rely on presumption of payment arising from the mortgagor's possession of mortgage and note. *Wilkinson* v. *Solomn*, 11 C. J., *supra*.

This case should not only be. reversed, but judgment should be entered for appellant.

*Geo. T.* and *Chas. S. Mitchell,* for appellee.

The question involved in this case is whether the provision contained in the trust deed is a valid proposition. Counsel for appellant complain of the action of the court below in admitting in evidence the record of the trust deed, but surely there can be no error in this regard because the trust deed was made an exhibit to the declaration and formed a part of the pleadings in the case. In fact, it was not necessary to introduce same in evidence because it was already a part of the pleadings.

This trust deed was a written contract between the parties and was absolutely binding between them unless some fraud could be shown on the part of the bank in inducing Mr. Bowen to sign same. There is no hint of any fraud in this record. This provision in this written contract is sought to be set aside simply because Bowen says that he did not intend for it to cover any indebtedness except the note dated October 1, 1923. The proof fails to show that there was any such intention upon the part of the bank, but on the other hand shows conclusively that the bank intended for it to cover all indebtedness past, present, or future, for the reason that the bank absolutely refused to satisfy the trust deed on the

record. The fact that the bank inadvertently surrendered the original trust deed in no way cancels their lien. If they had inadvertently surrendered the note in question without same having been paid, this would not have canceled the indebtedness to them.

Mr. Coombs, appellant, cannot successfully contend that he was a *bona-fide* purchaser for value, because at every turn he is confronted with the record showing the existence of the trust deed covering the property he bought, standing there still unsatisfied. He was bound by this record notice, and even though Bowen informed him that the trust deed had been surrendered, it was his duty, in the face of that positive record notice, to ascertain from the bank why the trust deed on record had not been canceled and to obtain from the bank the exact *status* of the matter. Failing in this, he cannot now claim that he was an innocent purchaser for value.

ANDERSON, J., delivered the opinion of the court.

Appellee, R. P. Wilson, as trustee in a deed of trust to the First National Bank of Pontotoc, brought this action of replevin in the circuit court of Pontotoc county, against appellant, W. T. Coombs, for the possession of a sawmill. By agreement of the parties a trial was had before the circuit judge acting as both judge and jury, resulting in a judgment in favor of appellee, from which judgment appellant prosecutes this appeal.

Appellee based his right to the possession of the sawmill upon the provisions of a deed of trust executed by H. E. Bowen to appellee as trustee, to secure an indebtedness to the First National Bank of Pontotoc. Appellant based his right to the possession of the sawmill upon a purchase thereof from said Bowen, after the execution of said deed of trust. The trial was had on agreed facts between the parties in connection with the provisions of the deed of trust involved, which deed of trust was introduced in evidence on behalf of appellee. The follow-

ing is deemed a sufficient statement of the controlling facts of the case:

On October 1, 1923, H. E. Bowen executed his promissory note for two hundred ninety-four dollars and ten cents, payable to the First National Bank of Pontotoc. On the same day he executed a deed of trust to appellee, R. P. Wilson, as trustee, on the sawmill involved, to secure that note. The deed of trust, in addition to reciting that it was given to secure the note of two hundred ninety-four dollars and ten cents, contained the following provision:

"(B) Also any other indebtedness heretofore, now, or hereafter with either the said bank or the holder of the above-described note or notes or grantors herein or either of them whether such other indebtedness be evidenced by note, open account, overdraft or any other manner whatsoever including also any indebtedness of any grantor made as joint maker, security, indorser or grantor."

At the time of the execution of the note for two hundred ninety-four dollars and ten cents and the deed of trust to secure the same, H. E. Bowen was also indebted to the First National Bank of Pontotoc in the sum of six hundred three dollars and forty-nine cents, a balance due on a note theretofore executed by him to the bank on which H. B. Bowen was surety. At the time of the execution of the deed of trust nothing was said between the grantor therein, H. E. Bowen, and the First National Bank of Pontotoc in reference to securing any other indebtedness than the two hundred ninety-four dollars and ten cents. So far as H. E. Bowen was concerned it was his purpose in executing the deed of trust to secure alone the note for two hundred ninety-four dollars and ten cents. He did not read the deed of trust and knew nothing of the provision therein for securing any other indebtedness he was at that time due the bank. Appellant purchased from H. E. Bowen, for a valuable consideration, the sawmill involved. At the time of appellant's purchase he had

no actual notice of the deed of trust on the sawmill executed by H. E. Bowen to the First National Bank of Pontotoc. At the time, however, of his purchase and for some time prior thereto, the deed of trust had been duly filed and recorded in the office of the chancery clerk of Pontotoc county, where the sawmill was located. Appellant, therefore, had constructive notice of what the record of the deed of trust imported. At the time of appellant's purchase of the sawmill, H. E. Bowen's note to the First National Bank of Pontotoc for two hundred ninety-four dollars and ten cents, with interest, had been paid and marked canceled, and with the deed of trust surrendered to H. E. Bowen by the bank. The deed of trust, however, stood uncanceled on the records of trust deeds in the office of the chancery clerk. H. E. Bowen having failed to pay the balance due of six hundred three dollars and forty-nine cents on the note on which H. B. Bowen was surety, the bank had appellee, as trustee in the deed of trust, to demand possession of appellant of the sawmill for the purpose of foreclosure by advertisement and sale under the provisions of the deed of trust. Appellant refused to surrender possession to appellee. Thereupon this action of replevin was brought by appellee to recover the sawmill for the purpose of foreclosure of the deed of trust thereon to the bank.

Appellant's main contention is that he was protected in his purchase of the sawmill because the deed of trust in question was invalid as security for any other indebtedness to the bank than the note for two hundred ninety-four dollars and ten cents.

The agreed facts upon which the case was tried show beyond question that H. E. Bowen did not intend at the time of the execution of the deed of trust to secure any other indebtedness than the note for two hundred ninety-four dollars and ten cents, and they also show beyond question that he was ignorant of the provision in the deed of trust for the security of any other indebtedness he was at that time due the bank. Under the law, did those

facts render the deed of trust invalid as security except as to the indebtedness of two hundred ninety-four dollars and ten cents. We are of opinion that they did not. There is no evidence of the bank having perpetrated a fraud upon Bowen in the execution of the deed of trust. There is no evidence of false representations made by the bank of Bowen to induce him to execute the deed of trust. He executed it without reading it. He did not know its contents in full, it is true, but that was his fault and not the fault of the bank. He was as much bound by the provisions of the deed of trust as if he had read them. Under the law a person who blindly signs a contract is bound thereby as fully as if he knew its contents, provided no fraud is exercised to procure its execution. He will not be heard to say that he did not know its contents. If the law were otherwise, the door would be open wide for frauds and perjuries.

Appellant cites authorities to sustain the position that a mortgage is security only for the indebtedness in contemplation of the parties at the time of its execution, and, further, that proof *aliunde* may be received to identify the indebtedness intended to be secured by the mortgage. Those principles have no application here because the deed of trust in question specifically states that, in addition to the note for two hundred ninety-four dollars and ten cents, it should stand as security for any other indebtedness at that time owing by Bowen to the bank. The language of the deed of trust in that respect is unambiguous; it cannot be changed by parole evidence for the purpose of showing what indebtedness was intended to be secured. Parole evidence is not admissible to contradict the plain and unambiguous provision of a written contract.

The appellant lays stress on the fact that the bank, when the note for two hundred ninety-four dollars and ten cents was paid by Bowen, surrendered to him the deed of trust in question. The deed of trust should not

have been surrendered by the bank; it had not been discharged; its surrender was doubtless a mere oversight on the part of the bank; it was purely voluntary; there was no consideration for its surrender, therefore the rights of the bank were not prejudiced thereby. And so far as appellant was concerned, there is nothing in the record to show that he knew when he purchased the sawmill that the deed of trust had been surrendered by the bank to Bowen; in other words, that he had been misled in any way by that fact. We think, therefore, that the surrender of the deed of trust by the bank to Bowen under the circumstances did not in any wise alter or affect the rights of the parties.

Appellant contends further that the court erred in admitting in evidence the deed of trust in question. This question arose in the following manner: Appellee introduced the facts agreed on between the parties, which were embodied in a stipulation in writing, and then introduced, over appellant's objection, the deed of trust, which was admitted by the court. This action of the court admitting in evidence the deed of trust was excepted to, and is argued here as error. As we view it, the deed of trust was the foundation of appellee's case. It took the deed of trust and the agreed facts to make out the case for appellee. There was nothing in the agreed facts by which it was stipulated between the parties that no record evidence or writings of any kind having a bearing on appellee's case should be introduced. We think the deed of trust in evidence was pertinent and necessary in order to properly develop the case on trial, and there was no error committed therefore in admitting it.

*Affirmed.*