## CAMPBELL BROS. *v.* BIGHAM.[*]

(Division A.   Jan. 30, 1928.)

[115 So. 395.   No. 26847.]

MORTGAGES. *General provision in mortgage held not to make it security for debt contracted to assignee of mortgage before assignment.*
Mortgage in terms securing note of mortgagors to mortgagee, and also any indebtedness, heretofore, now, or hereafter contracted with mortgagee or the holder of said note by either of mortgagors, *held* not to secure a debt to the assignee of the note and mortgage contracted by a mortgagor after the execution of, but before the assignment of, the mortgage.

---

[*]Corpus Juris-Cyc. References: Mortgages, 41CJ, p. 464, n. 54.

APPEAL from circuit court of Pontotoc county.
HON. C. P. LONG, Judge.

Ejectment by Campbell Bros. against W. D. Bigham. From a judgment for defendant, plaintiff appeals. Affirmed.

*Fontaine & Adams,* for appellant.

*Bratton & Mitchell,* for appellee.

McGOWEN, J., delivered the opinion of the court.

This was an action in ejectment brought by appellant, Campbell Bros., against W. D. Bigham for the possession of twenty-five acres of land in Pontotoc county. From a judgment in favor of the defendant in the court below,

W. D. Bigham, plaintiff in the court below, the appellant here, Campbell Bros., prosecute this appeal.

The case having been submitted to the court below on an agreed statement of facts, a jury being waived, we here set out the facts as stated in the brief of counsel for appellant:

"On the 30th day of December, 1925, appellee, W. D. Bigham, together with his wife, Mrs. Ida Bigham, executed their certain deed of trust to the Merchants' & Farmers' Bank of Ecru, Miss., whereby they conveyed the title to the land therein described, containing twenty-five acres, upon which appellee and his said wife resided as their homestead, to one F. L. Tucker, trustee therein named, to secure a note for four hundred thirty-two dollars to said Merchants' & Farmers' Bank of even date therewith, and due on the 15th day of December, 1926. That on the 19th day of February, 1927, the said Merchants' & Farmers' Bank assigned and transferred said note, together with deed of trust securing same, for value, to appellants, Campbell Bros. That on the 13th day of February, 1926, appellee, W. D. Bigham, became indebted to Campbell Bros. in the sum of three hundred thirty-three dollars, evidenced by two promissory notes of said date, one for one hundred twelve dollars, the other for two hundred twenty-one dollars, both due and payable on the 1st day of November, 1926.

"That on the 14th day of February, 1927, appellants duly and legally appointed one H. R. De Kay as substitute trustee in the place and stead of the said F. L. Tucker, the original trustee, who made demand upon appellee for the payment of not only the note for four hundred thirty-two dollars, executed by himself and wife to the said Merchants' & Farmers' Bank, and by it transferred to appellants, but also the other two above-described notes, executed by appellee, W. D. Bigham, to appellants, Campbell Bros.; said deed of trust containing the following provision, to-wit: 'B. Also any other indebtedness heretofore, now, or hereafter contracted with either

the said bank or the holder of the above-described note or notes by the grantor or grantors herein, or either of them, whether such other indebtedness be evidenced by note, open account, overdraft, or any other manner whatsoever, including also any indebtedness of any grantor made as joint maker, surety, indorser, or guarantor.' Then appellee tendered to appellants the amount, with interest, due on note executed by himself and wife to the Merchants' & Farmers' Bank of Ecru, but refused payment of the other two notes. Whereupon said substituted trustee advertised and sold the land embraced in said deed of trust, not only for the note transferred by said Merchants' & Farmers' Bank to appellants, but for the other two above-described notes, at which sale one Hattox became the purchaser of said land, and in turn conveyed it to appellants.

"That appellants made demand upon appellee for the possession of said land, which was refused, whereupon appellants sued in ejectment in the circuit court of Pontotoc county, Miss., where said suit was tried by the court, a jury being waived. The court entered its judgment in favor of appellee, and against appellants.

"There is no contention as to the land being properly and legally sold by the substituted trustee, except that the deed of trust executed by appellee and his wife to the Merchants' & Farmers' Bank of Ecru, Miss., did not secure the two notes executed by appellee, W. D. Bigham, to appellants on the 13th day of February, 1926, but that same only secured the note executed by appellee and wife to said Merchants' & Farmers' Bank, and that the full amount of that had been tendered.

"It was agreed that appellee and his wife executed their note to the Merchants' & Farmers' Bank of Ecru, Miss., and to secure same executed a deed of trust upon their homestead in accordance with section 1834, Hemingway's Code 1917, requiring both the husband and wife to sign conveyance, deed of trust, etc., upon the homestead. In fact the only question in the case for deter-

mination by the court is, Did the deed of trust executed by appellee and his wife to the Merchants' & Farmers' Bank of Ecru secure the payment of the two notes executed by appellee, W. D. Bigham, to appellants on the 13th day of February, 1926, for one hundred twelve dollars and two hundred twenty-one dollars respectively, but only the note for four hundred thirty-two dollars executed by appellee and wife to said Merchants' & Farmers' Bank? Said deed of trust containing the following provision, to-wit: 'B. Also any other indebtedness heretofore, now, or hereafter contracted with either the said bank or the holder of the above-described note or notes by the grantor or grantors herein or either of them, whether such other indebtedness be evidenced by note, open account, overdraft, or any other manner whatsoever, including also any indebtedness of any grantor made as joint maker, surety, indorser, or guarantor.' Which said note and deed of trust securing same was by said bank transferred to appellants.''

The precise question presented here for decision by the briefs of counsel is, Where a trust deed, executed on an exempt homestead by the husband and wife in favor of a bank to secure an indebtedness therein specifically described, contains the stipulation that any other sum then due the grantee or holder, or that may thereafter become due the grantee or holder by either of the grantors, shall be secured by the said trust deed, and thereafter before maturity said trust deed is assigned by the bank to a stranger to whom the husband is indebted at the date of the assignment, may the homestead property be subjected to the payment of the debt already due by the husband to the assignee, in addition to the amount of the debt assigned by the original grantee, the bank, and said homestead sold by virtue of the trust deed for the payment of the pre-existing debt owing to the assignee—not the debt of the wife—there being no other contract relative to the assignee's claim save that set out, *supra,* as being a part of the original deed of trust?

Counsel for appellant rely upon the case of *Coombs* v. *Wilson,* 142 Miss. 502, 107 So. 874, which in our opinion is not in point here, for the reason that this court simply held that the quoted clause was enforceable as between the parties for a debt which was due from the grantor to the grantee at the time of the execution of the note secured by the trust deed, where the grantor signed the trust deed without reading it, even though the grantee inadvertently, upon the payment of the note specifically described, delivered the trust deed to the trustee. The court simply held that the grantor was liable to the grantee on his indorsement to the bank at the execution of the trust deed by virtue of the section of the trust deed quoted, *supra,* and that the trust deed stood as security for the debt.

In the instant case Campbell Bros. purchased the trust deed from the bank after its execution. On the date of the purchase, the husband was indebted to Campbell Bros. on a note executed shortly theretofore by the husband as payment for an automobile. This language of the trust deed cannot be extended so as to subject the exempt homestead to the payment of all the debts, or any of them, that the parties might owe to strangers to the contract at the time of its execution, or debts contracted subsequent thereto prior to its assignment to a creditor of the grantors.

It is well settled that the debt secured by a mortgage must be described, and must in legal contemplation be in the minds of the parties. At the time of the execution of the trust deed in this case, there was no debt to Campbell Bros. Campbell Bros. make no contention that any part of the debt claimed was created after it became the assignee of the bank and the legal holder of the note and trust deed described by the grantors to the bank. This was not a trust deed executed in favor of the entire world, but must be limited to its express terms as fairly construed. The debt on which the foreclosure was had

was not within the purview of the contract and was not intended to be secured, because Campbell Bros. were strangers to the contract.   To hold otherwise would be to destroy the efficacy of the homestead laws of this state.

We decide no other question.

*Affirmed.*